# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO. 19-14156-CIV-ROSENBERG/MAYNARD

JAMIE STIRRAT,

    Plaintiff,

v.

TARGET CORP., AND
BILL SILLS,

    Defendants.

_____/

## ORDER ON PLAINTIFF'S MOTION TO COMPEL (DE 31)

**THIS CAUSE** comes before this Court upon the above Motion. Having reviewed the Motion and Response, this Court finds as follows:

1. This lawsuit concerns a slip-and-fall incident that occurred on September 23, 2016 in one of the Defendant's stores and which, the Plaintiff alleges, caused her injuries. The Plaintiff alleges that she slipped on a cart wipe---that is, one of the small disposable towelettes that the Defendant provides its customers to sanitize shopping cart handles---and that the circumstances were such that it posed a foreseeable risk that the Defendant was negligent not to correct.

2. On September 18, 2019 the Plaintiff sent Defendant Target Corp. her Supplemental Requests for Production. At issue is Supplemental Request No. 1 where the Plaintiff asks for "any and all memos or documents of any kind that references the change of the cart wipes from white to blue from September 23, 2016 to present." In her Motion, the Plaintiff argues why that information is relevant. The Plaintiff argues that the cart wipe that she slipped on was too dirty and corroded for her to see it. The condition of the wipe therefore proves that

the Defendant knew or should have known of the presence of that dangerous condition, the Plaintiff furthers. The Defendant later changed the color of those wipes from white to blue, a change that the Plaintiff says she learned through the course of discovery. The Plaintiff therefore wants to learn more about that color change. The Plaintiff also argues against the application of work product protection.

3. Pursuant to Rule 34(b)(2)(A), Fed.R.Civ.P., the Defendant had 30 days---or until Friday, October 18, 2019---to answer that discovery request. The Defendant did not do so until Wednesday, October 23, 2019. Not only was the Defendant's answer therefore late, but the Defendant did not make good use of that time, either. The Defendant limited its answer to the boilerplate objection that the request was "overly broad, not reasonably limited in time or scope, vague and ambiguous as phrased." The Defendant raised the additional objection that "the information requested seeks documents protected by the work product doctrine."

4. Pursuant to Local Rule 26.1(g)(1), the Plaintiff had 30 days---or until Friday, November 22, 2019---to seek judicial relief. However the Plaintiff did not file the instant Motion to Compel until December 12, 2019, well after that deadline. Nor did the parties report it as an outstanding discovery dispute in the Joint Discovery Status Report that they earlier had filed on November 13, 2019.

5. In addition to being untimely filed, the Defendant points out that the Plaintiff had failed to confer about the discovery request before she filed her Motion to Compel. At DE 32—4, the Defendant proffers the letter that it wrote to the Plaintiff on December 17, 2019 where it memorialized that failure to confer. Not only does Local Rule 7.1(a)(3) require a pre-filing conference, as the Defendant emphasizes, but this Court's Order Setting Discovery Procedures (DE 17) requires counsel to "actually speak to one another (in person or via telephone) and

engage in reasonable compromise in a genuine effort to resolve their discovery disputes before seeking Court intervention". The Order Setting Discovery Procedures also requires a discovery motion to include a certification of good faith compliance with Local Rule 7.1(a)(3).

6. Regarding the discovery dispute at issue, this Court notes that the boilerplate objections that the Defendant raised in its answer are unavailing. As the Order Setting Discovery Procedures (DE 17) explains, boilerplate objections to be meritless. It is true that the Defendant raises substantive arguments in its Response to support its relevance objection, but the time to raise that substantive objection was in the underlying answer to the discovery request. See Sacco v. AARP, Inc., 2018 WL 5020191, *3 (S.D.Fla. 2018) (overruling boilerplate objections that lack a specific explanation for why the requested discovery is irrelevant or disproportionate).

7. The only objection that survives for judicial review is the work product objection. However this Court need not decide the merits of that objection because the Plaintiff's Motion is untimely. As this Court notes above, the Plaintiff filed the instant Motion to Compel well after the deadline for doing so. Therefore this Court denies the Motion to Compel on procedural grounds.

8. Although not dispositive to the above ruling, this Court adds as a general point that it does not understand why the Defendant needed over a full month's time to make simple boilerplate objections. The fact that Rule 34(b)(2)(A), Fed.R.Civ.P., gave the Defendant a month to answer the discovery request did not mean it had to use it. Taking a full month to answer a discovery request implies the need for that much time to find responsive information and to frame substantive objections. An answer filed after the benefit of a full month's time should reflect an equivalent degree of effort. Nor does this Court understand why the Plaintiff needed over a full month's time before seeking judicial relief. Although this case already is nearing the

overall discovery deadline of December 23, 2019, this Court nevertheless reminds the parties of the need to act expeditiously at all stages of the discovery process---whether in requesting discovery, answering those requests, conferring about disputes, or seeking judicial relief.

It is therefore,

**ORDERED AND ADJUDGED** that the Plaintiff's Motion to Compel (DE 31) is **DENIED** on procedural grounds as untimely.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 20th day of December, 2019.

SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE